IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ADAM PELLETIER,      ) | |
|     Plaintiff,      ) | Case No. 7:21-cv-00544 |
|                 ) | |
| v.      ) | |
|                 ) | By: Michael F. Urbanski |
| STEVE HERRICK, et al.,      ) | Chief United States District Judge |
|     Defendants.      ) | |

## MEMORANDUM OPINION

Plaintiff Adam Pelletier, a Virginia inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983, claiming that correctional officials have violated his constitutional rights by refusing to allow him to use an anti-snoring mouthpiece. Along with his complaint, Pelletier submitted a partial application to proceed in forma pauperis. However, court records indicate that Pelletier has had at least three prior actions dismissed as frivolous or for failure to state a claim upon which relief may be granted.* Therefore, under the three-strikes provision of the Prison Litigation Reform Act, Pelletier may not proceed with this action unless he either prepays the entire filing fee or shows that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

The allegations in Pelletier's complaint do not satisfy the "imminent danger" exception to the three-strikes provision. Pelletier alleges that he is currently experiencing fatigue, headaches, and heartburn as a result of snoring and that correctional officials will not permit him to use an anti-snoring mouthpiece. See Compl., ECF No. 1 at 3–4. It is clear from the

---

\* See, e.g., Pelletier v. Louisa Cnty. Cir. Ct., No. 7:15-cv-00339 (W.D. July 28, 2015); Pelletier v. Commonwealth of Va., No. 7:15-cv-00016 (W.D. Va. May 8, 2015); Pelletier v. Clarke, No. 7:13-cv-00494 (W.D. Va. Nov. 20, 2013); Pelletier v. Crosley, No. 7:02-cv-01131 (W.D. Va. Oct. 18, 2002).

complaint, however, that Pelletier's snoring issues have not gone untreated. Pelletier acknowledges that he has undergone testing for sleep apnea, that he has been given a nasal spray, and that he has spoken to the prison physician about the possibility of using a CPAP machine. Id. at 3. While Pelletier believes that an anti-snoring mouthpiece would be more beneficial and less expensive, his allegations do not plausibly suggest that he is in imminent danger of serious physical injury without the requested device. Accordingly, the complaint does not fall within the "imminent danger" exception to § 1915(g). See Feather-Gorbey v. Dunbar, 787 F. App'x 825, 825 (4th Cir. 2019) (explaining that an "inmate must allege 'ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury,'" in order the make the required showing under § 1915(g) (quoting Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003)); Renoir v. Duffy, No. 7:21-cv-00394, 2021 WL 3784199, at *1 (W.D. Va. Aug. 26, 2021) (emphasizing that the "imminent danger" exception "must be construed narrowly and applied only 'for genuine emergencies,' where 'a threat . . . is real and proximate' to the alleged official misconduct") (quoting Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002)).

Because Pelletier has not prepaid the filing fee or demonstrated that he is "under imminent danger of serious physical injury," the court will dismiss his complaint without prejudice under 28 U.S.C. § 1915(g). An appropriate order will be entered.

Entered: October 22, 2021

Michael F. Urbanski
Chief U.S. District Judge
2021.10.22 15:23:11
-04'00'

Michael F. Urbanski
Chief United States District Judge